Good morning, Your Honors. Good morning. Attorney Darla Mondu for Mr. Miranda-Herrera. And when Mr. Herrera was sentenced, DECAMP Can you tilt that microphone down just a little bit? That's much, that's perfect. When Mr. Herrera was sentenced, DECAMP v. United States had not been decided, so of course the judge followed precedent and used the modified categorical approach to impose 16 levels. That was error. The judge was correct in determining that it wasn't a categorical match. There's a big difference in the age restrictions. The federal determines a minor as someone 16 or under. The Minnesota statute is at least 13, but less than 16. That doesn't seem like your strongest point, actually, in terms of there not being a categorical match. I believe it's the strongest, but I also believe the state definition of position of authority encompasses a lot more than what the federal does, teacher, babysitter, clergy. But the my sister's brief, it appeared to me, and I was brand new in understanding DECAMP as we all were as the decisions came out, what is a divisible statute? And my sister seems to promote that the entire is divisible. But Mr. Miranda Herrera was charged specifically with Section B. Section B has no alternatives in the elements. It's, you know, the minor, the sexual conduct, and his age. Can I ask you this? In terms of the record here, do we actually have the charging instrument from the Minnesota case? Like the indictment or the information or something? To see what the judge looked at? I'd just like to see how it was charged. We don't have that in the record? We don't have the indictment itself, but the government has conceded it was under Section B. I wanted to see if there was anything more specific than that. But you've never seen the indictment, I gather? I got it from the probation officer, but he had it spelled out so clearly in the PSR. I didn't include it, but I certainly will submit it if you wish. No, no, no. If it's not part of the record, we certainly can't have it. But all I'm trying to figure out is from this record that's before us now, all we have to try to figure out what crime he was convicted of is that description in the pre-sentence report? And the government's concession that it was 6093431B. Okay. Okay. They're not disputing that he was charged with the full statute, but pled to, or I think he pled in Minnesota to Section B. He was charged specifically with that one section. And it's not divisible. So I think what the government's position is that we look at the statute as a whole to say if it's divisible, but Justice Kagan in DeCamp was pretty clear that it, a statute can have different means of committing a crime, but it doesn't make it divisible. Well, actually, the parties, the whole discussion of DeCamp threw me off to a large extent. Because as I different provisions, you're going to look at it to see which subsection the defendant was actually convicted of. And here, that's not even in dispute. Because both the defendant and the government agreed that he was convicted under Section 609.343B1. Right? So we already know that that's the subsection. There's no dispute. It's the There is no dispute of that. So basically the argument can be boiled down to this case needs to be remanded for resentencing absent the 16-level enhancement, because it did not categorically match the generic definition. There's a big difference in the age. The Federal definition encompasses far more than the Minnesota. And the statute itself. Well, once we've identified that this was a conviction under 609.343B1, then we know what the elements are of that Minnesota statute of conviction. Then to me, the next question is, well, then let's look at the elements of forcible sex offense. Let's look at the elements of sexual abuse of a minor and see whether there's a match in elements. And that's precisely what the government's response was, that it was a forcible sex offense, and it was abuse of a minor. But my understanding is that the forcible sex offense in 2L12 defines a forcible sex offense in the current ethical, and that sexual abuse of a minor is not included in that definition. So... Well, let me ask you about that, sexual abuse of a minor, because under Barone Medina, the statute requires an element of abuse. And so as I understand it, the government's argument in this case is because the Minnesota statute has as an element a position of authority, that is abuse for purposes of sexual abuse of a minor. What is your response to that argument? The Minnesota statute does not have the word abuse in it. It is the government's connotation of what they specified for the conduct. From that, she extrapolated that it was abuse. I provided a citation today to a lawyer, and he said that the federal definition of abuse is not a generic match for the federal definition of abuse. And I cited to a particular page that it's the state definition that controls. And the state definition in this case is not a generic match for the federal definition of abuse. And I would like to save rebuttal time. All right. Thank you. Good morning, Your Honors. Erica McCallum appearing on behalf of the United States from the District of Arizona. To answer your question, Judge Watford's question with regard to whether there are judicially noticeable documents available. The charging documents were provided to the probation department, which summarized them in paragraph 20 of the pre-sentence report. The defendant was actually charged with two different statutes and pled guilty to count one. So I don't know if there are any more specific questions about those facts. So I'll just zero in on what I was trying to get at. We don't know from the charging instrument which of the, let me see, I guess there are five different alternative definitions of sexual contact in, what is it, 609.341, subdivision 11. It seems to me that's the first problem your position, the government has here, is that the definition in little four is over the top. It's too broad. And if we don't have any way of figuring out which of the five alternatives he pleaded guilty to, then we have to basically analyze it using the broadest one under the camp. And I think, I'd love to hear your response, but I think the government can't prevail if you just focus on subdivision four. So that's the first problem. There's another problem beyond that, but that's the first problem I have. And that is to consider as a judicially noticeable document the facts that are included in the complaint that support, that are essentially the police report that's incorporated into the complaint. Not to figure out whether we have a categorical match. That's exactly what the camp says we cannot do, right? We just have to focus on the elements of the statute. But we can use the facts in order to figure out which element of the statute is the applicable one for the conviction. I believe the camp still stands for that. What is not clear here is the defendant did not plead to I committed this particular conduct. In other words, I performed digital penetration of the victim. There was a laundry list of activities over a period of time, and the defendant simply pled to the general statute of sexual contact. And all it says in the information, or is it an indictment? Is that what it is? It's a complaint. All it says in the complaint is basically the 1B offense. It doesn't get any more granular than that? There are several pages of descriptions of conduct between the defendant and the victim, and then there is a paragraph that says charging a violation of, and I'm forgetting, it's 609-343-1B. But in terms of the statutory specification, that's all that we have? Yes, Your Honor. Okay. So I come back to you then. To me, I then look at definition four. I don't know if you have the statute in front of you. Maybe you want to argue that it's not overbroad. But the key element that's going to cause a problem is the sexual contact element, right? It's defined in subdivision 11 in my view an overly broad fashion in terms of making it a categorical match for the federal generic offense. And so how do you get around that? And just to be clear, to make sure I understand, you're referring to the generic offense of sexual abuse of a minor, correct? Yes, that's right. Okay. So I would then like to use my time perhaps to focus more on the alternative argument, which is the forcible sex offense. Because the federal generic definition for that is a sex act, which is not specifically defined. Consent is not given or consent is not legally valid. Now, in our 28J letter, we noted that this very recent case, Caceres Oia. To me, that case dooms your argument. Well, if I could have just a moment to expand. Caceres Oia says, look, you can no longer argue because the victim was a minor, then it's per se non-consent. Because these statutes basically say the minor's consent is irrelevant. However, there are exceptions. And the shorthand we refer to is the amendment 722, which said there are these cases that have come out that give some examples of situations where there is non-consent, not actual non-consent, but legal non-consent. Okay. I understand. It was involuntary. The person was told, look, I'm going to fire you or I'm going to tell a terrible secret about you unless you have sex with me. It can be being told, look, you're going to lose your job if you do not have sex with me. Or it can be coercion in the case that the amendment refers to as Luciano Rodriguez, and that talks about a public servant, a professional, someone who's in a position of authority over the victim. And it's referring to adult victims in that particular case. But you can look at that analysis and say that applies to a child victim. And who is in a position of authority over a child victim, that's going to be somebody who's standing in the place of a parent, someone who's in loco parentis. But the problem here is that the Minnesota statute, again, defines someone who's in a position of authority much more broadly than just, you know, a parent, legal guardian, right? I mean, this person was a neighbor, if I remember. This person was an individual who was a family friend who, when the parents were at work, would come over and check on the children and make sure that they were okay. And that's when he got involved with this 13-year-old daughter. So he admitted he was in a position of authority because he pled to that statute that requires that he be in a position of authority. No, no, I know, but I'm saying that as I understood the generic federal offense, when we're talking about forcible sex offense, to pursue the line of argument you were trying to, the position of authority has to be, it's a much narrower category of people, no? Parent, guardian, you know, someone not like a family friend who stops by and babysits for a couple of hours every now and then. I believe that the state statute is broad enough to encompass that, and I believe that while the federal forcible sex offense guideline does not define position of authority, what it does is it describes a relationship, it's a combination of the young age of the child with this person who has this inherent power that they abuse with regard to the child. Now, defense counsel mentioned briefly that there's this Arizona statute that says that this has to be forcible, physically forcible, in order to fit within the definition, but actually under the Castero-Soya case, that compulsion need not, and I'm quoting, it need not, the requisite compulsion need not be physical in nature. It's mental compulsion. So it's this ‑‑ But your argument is that any time you have a minor child combined with position of authority, that's automatically equates to involuntary or coerced consent. That's correct. What it does is it takes us out of this situation where because state statutes do not take into account a minor's ability to consent or non‑consent, because simply by the nature of it being a minor, what it's saying is a child is coerced by position of authority. How is that different from statutory rape? I'm trying to think about the generic elements of statutory rape. Your definition regarding the child and automatic coerced or involuntary consent sounds to me very much like statutory rape. And if that definition go forward, then statutory rape would be rendered superfluous. Well, the difference is that statutory rape requires a minimum four‑year age difference, whereas the forcible sex offense does not have an age difference. So that's really the key. That's also a difference between sexual abuse of a minor, which now, according to Cacerozoia, also requires a four‑year age difference. So you get ‑‑ if you look at sex offenses against children, state convictions, state convictions, state convictions, you get a problem when you try to fit them in the parameters of 2L1.2, because if the state doesn't have the right age difference component requirement, then categorically it can never fit. So you can get an entire class of sex offenses against children that don't qualify for an enhancement. So the only ‑‑ the only approach that I'm able to think of is to say, well, go back to forcible sex offense, because those are ‑‑ that's where the excluded sexual abuse of a minor and statutory rape cases fit, and they fit when there's this aggravating factor of an adult who's violating a position of trust by abusing the child. All right. Thank you very much, counsel. Yes. I think Cacerozoia just totally wipes out the argument that sexual abuse of a minor is included in a forcible sex offense. I think the district court was absolutely correct that it wasn't a categorical match, based both on the age differential and the position of authority under Minnesota law encompasses so much more than what is envisioned under federal. We can't get beyond ‑‑ there is no need to do the modified categorical approach in this case, because it doesn't even go through the first door to be a categorical match, which if it's a categorical match and the statute is divisible, they can look to see what conduct. Mr. Miranda Herrera was specifically charged with section B. But one question about the government's ‑‑ the argument you just heard on forcible sex offense. So we have the young age of the victim. That's not going to get it. But the government says, well, but what if you have a plus factor, some aggravating factor like the perpetrator is in ‑‑ has some relationship with the victim beyond just being older, but is in a position of authority or position of trust. And if you have that, the young age of the victim and that aggravating factor together can meet the definition of involuntary or coerced consent. Why doesn't that argument work? To make it the categorical match. Right. Forcible sex offense. Okay. Again, I provided the citation to Flores Guterro, which indicates in that case they looked at the Arizona definition of resisting arrest to determine if it was ‑‑ could use the modified ‑‑ well, no, to even determine if it was a categorical approach. They didn't do the categorical approach. Because in Minnesota they don't even have the abuse part. It's merely a conduct. It doesn't have to be ‑‑ the government contends that the Minnesota statute definition of position of authority includes abuse, therefore it fits within forcible sex offense. But I maintain it doesn't, because it's way overbroad. It could be as simple as a touching. And whether the age of the minor makes that ‑‑ if we could ‑‑ if we could get beyond the position of authority and all we have is the age of the minor in the statute and the position of authority, we could get beyond the position of authority. And if you look at the definition of position of authority, it is not the same type of abuse as required under the federal law. I know, but you're right for sexual abuse of a minor, but we're putting that aside and the government is focused just on forcible sex offense, right? So the question is whether the consent, the so‑called consent of the victim is coerced or involuntary in some way. And I guess what I haven't heard you respond to is why the age of the victim combined with this is out of Kacharisola. I really can't articulate it at this moment, but the forcible sex offense is separate from ‑‑ to answer your question, why isn't it a forcible sex offense? Is that what you're asking? The question is more specific than that, with the age of the victim and the position of authority. Why doesn't that take it outside of Kacharisola? Because the position of authority is so much more broader and doesn't include what the forcible sex offense requires. As I understand the government's argument, being in a position of authority means consent is involuntary, incompetent, of course, I'm not aware of any case law that really says that. Well, actually, the Minnesota statute says consent is not a defense. So whether it's coerced or not, it wouldn't even relieve the defendant of guilt on that part, because it said consent is not a defense. All right. I think we have your arguments well in hand. The matter stands submitted. Thank you very much, counsel.
judges: Noonan, Nguyen, Watford